CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

APR 13 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JIMMIE LEE CATO,<br>    Plaintiff, | )<br>)<br>) | Civil Action No. 7:05-CV-00070 |
| v. | )<br>) | <u>MEMORANDUM OPINION</u> |
| | ) | By: Hon. Glen E. Conrad |
| OFFICER BONDEROM, ET AL.,<br>    Defendants. | )<br>) | United States District Judge |

    Plaintiff Jimmie Lee Cato, a Federal inmate located at the Federal Correctional Complex in Petersburg and proceeding <u>pro se</u>, brings this <u>Bivens</u> action, with jurisdiction vested under 28 U.S.C. § 1331. Cato claims that while incarcerated at the United States Penitentiary in Lee County (USP Lee), correctional officers failed to protect Cato from an assault by another inmate and the medical staff was deliberately indifferent to Cato's serious medical condition. This action is before the court pursuant to the court's screening function, as described in 28 U.S.C. § 1915A. After a careful review of the complaint, the court finds that Cato allegations against the medical defendants fail to state a claim. Therefore, the court must dismiss a portion of Cato's petition, pursuant to 28 U.S.C. § 1915A(b)(1).

### I. Allegations

    Cato alleges that on May 22, 2003, inmate Nathaniel Jackson attacked and severely injured Cato. Cato alleges that at some time prior to this incident, another inmate (John Edward), sent two notes to Jackson in which Edward alleged that Cato snitched on Edward. Cato alleges that correctional officers (C/Os) intercepted one of these notes and handed it over to defendant Carvo, who forwarded the intercepted note to Special Investigative Services (SIS). Cato alleges that defendant Hatfield, who worked in SIS, knew that Cato's life was in danger as a result of the

intercepted letter and failed to adequately protect Cato. Cato alleges that defendant Bonderom, as supervisor over the other defendants, is liable under a theory of <u>respondeat superior</u>. Cato alleges that defendant Johnson was aware of the risk to Cato because of his office's investigations of inmate Edward.

In addition, Cato alleges that medical personnel at USP Lee treated Cato after Jackson attacked Cato. Cato alleges that medical personnel were not properly trained to perform the operation on Cato's head and face. Cato alleges that medical personnel failed to follow Board of Prisons (BOP) regulations regarding such care. Cato alleges that he should have been transferred to an outside specialist. Cato alleges that he suffered from headaches and has a lifetime scar.

## II. Analysis

Under 28 U.S.C. § 1915A(b)(1), the court may dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. In determining if an allegation states a claim for relief, the facts must be viewed in the light most favorable to the plaintiff.

In order to state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege acts sufficient to evince a deliberate indifference to a serious medical condition. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). To establish deliberate indifference, a plaintiff must present facts tending to demonstrate actual knowledge or awareness of the serious medical need on the part of the named defendants. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). Mere malpractice on the part of medical personnel is insufficient to state a claim under the Eighth Amendment, <u>Estelle</u>, 429 U.S. at 106, and questions of medical judgment generally are

not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Moreover, mere disagreements between the inmate and the medical staff as to what is the proper course of treatment do not state a claim upon which relief can be granted. Id. For a defendant to have been deliberately indifferent, he or she must have drawn a subjective inference that certain actions or a failure to take corrective action would subject plaintiff to unnecessary and significant pain and suffering or would expose plaintiff to a substantial risk of more serious injury. See Johnson v. Quinones, 145 F.3d 164 (4th Cir. 1998).

According to Cato's complaint, medical personnel at USP Lee saw Cato immediately after he was injured and operated on his face and neck. Cato acknowledges that the medical defendants used forty stitches on his head and neck. It is clear from Cato's statements that the medical personnel attended to Cato's wounds.

Cato alleges that medical personnel failed to follow some undisclosed BOP procedure, but fails to mention what this procedure entailed or how failure to follow a procedure constitutes deliberate indifference. Cato alleges that he should have been transferred to an outside specialist instead of being treated onsite. However, this amounts to nothing more than a difference of opinion as to the proper course of treatment. Finally, Cato does not explain how his alleged headaches or scar were a result of deliberate indifference and not from the wound itself, or the result of simple malpractice, which is not actionable in a civil rights action. Therefore, Cato has not alleged facts that would show deliberate indifference to a serious medical condition on the part of the medical personnel at USP Lee.

3

## III. Conclusion

Cato's allegations of deliberate indifference against the medical staff at USP Lee do not state any claims for which relief is available in a civil-rights action. Therefore, this court must dismiss Cato's claims against the medical staff, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered this day.

ENTER: This 13th day of April, 2005.

                                              UNITED STATES DISTRICT JUDGE