CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 2 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIMMIE LEE CATO, ) | |
| Plaintiff, ) | Civil Action No. 7:05CV00070 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GREGORY BONDURANT, ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Jimmie Lee Cato, a federal inmate proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671-2680. The case is presently before the court on the defendants' motion for summary judgment as to two of the plaintiff's claims. For the reasons set forth below, the court will grant the defendants' motion.

### Factual Backgound

The plaintiff is currently incarcerated at the Federal Correctional Complex in Petersburg, Virginia. The events pertaining to this action occurred while the plaintiff was incarcerated at the United States Penitentiary in Lee County, Virginia.

On May 22, 2003 at approximately 11:30 a.m., the plaintiff was assaulted by one of his fellow inmates, Nathaniel Jackson. Jackson hit the plaintiff in the head with a metal object and cut him in the face with a knife. The plaintiff ultimately received forty stitches in his head and face.

The plaintiff alleges that the assault occurred as a result of letters written by another inmate, John Edward. The plaintiff alleges that while Edward was in segregation, he wrote two letters to other inmates, which stated that the plaintiff was an institutional informer or snitch, and that the plaintiff had told prison officials that Edward was involved in drug activities. The plaintiff contends that one of Edward's letters was intercepted by correctional officers and turned over to Officer

Ronald Corriveau, who then submitted the letter to the SIS office. The plaintiff alleges that once the SIS office received the letter, "Lieutenant Hatfield knew that plaintiff's life was in danger, and there was a substantial risk that plaintiff could be killed or seriously injured because of the threatening letter."

The plaintiff further alleges that he received inadequate medical and surgical care following the assault. The plaintiff states that the prison's health care providers were inadequately trained, and that they failed to follow proper procedures, which resulted in severe headaches and a lifetime scar across the plaintiff's face.

## Procedural Background

On February 4, 2005, the plaintiff filed this action against Officer Corriveau, Lietuenant Hatfield, Gregory Bondurant, William Johnson, and officials of the prison's health services department. On April 13, 2005, the court dismissed the plaintiff's Bivens claim against the prison's health officials, pursuant to 28 U.S.C. § 1915A. The court determined that the plaintiff's allegations regarding his medical care failed to state a claim for deliberate indifference under the Eighth Amendment.[1] On July 8, 2005, the court directed the Clerk to serve the remaining defendants.

## Standard of Review

The defendants have now filed a motion for summary judgment as to two of the plaintiff's claims. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In

---

[1] The court's opinion did not address the plaintiff's medical claim under the FTCA.

2

determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## Discussion

A.  Plaintiff's Remaining Bivens Claim

The plaintiff first alleges that the defendants violated his constitutional rights by failing to protect him from Nathaniel Jackson. The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. In order to establish a claim for failure to protect from violence, an inmate must show: (1) a "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (internal quotation marks omitted). Specifically, an inmate must establish that the prison officials knew of and disregarded an excessive risk to the inmate's health or safety. Id. at 837.

In this case, the defendants do not dispute the fact that the plaintiff suffered significant injuries as a result of being attacked by Jackson. Instead, the defendants argue that the plaintiff has failed to establish that they had a sufficiently culpable state of mind. Having reviewed the record, the court agrees with the defendants. The defendants have each submitted declarations in which they specifically deny that they were aware of any letter or note concerning the plaintiff prior to the assault, and the plaintiff has provided no evidence to rebut the defendants' declarations. Although the plaintiff alleges that he has two inmate witnesses who were aware of Edward's letters, the

3

plaintiff has not provided affidavits or statements from these witnesses. In any event, the mere fact that other inmates may have known that Edward had written letters about the plaintiff does not establish that the defendants were aware of the letters. Moreover, even if defendants had seen the letters from Edward, the plaintiff has failed to establish that the defendants knew that Jackson presented a threat to the plaintiff's safety. For these reasons, the court concludes that the defendants are entitled to summary judgment with respect to the plaintiff's failure to protect claim under Bivens.

B. Plaintiff's FTCA Claims

The plaintiff also asserts two claims under the Federal Tort Claims Act (FTCA).[2] The FTCA provides, in pertinent part, that the United States may be held liable for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[3] 28 U.S.C. § 1346(b)(1). In this case, the challenged acts occurred in Virginia. Therefore, Virginia law applies.

1. Negligence

In his first FTCA claim, the plaintiff alleges that he was assaulted as a result of the prison officials' negligence. To establish actionable negligence under Virginia law, the plaintiff has the

---

[2] In such actions, the only proper defendant is the United States. See Metz v. U.S. Postal Service, 836 F.2d 1342 (4th Cir. 1988) (citing 28 U.S.C. §§ 1346(b) and 2679(a)). Therefore, the United States will be substituted as the named defendant to the plaintiff's FTCA claims.

[3] In an action under the FTCA, the only proper defendant is the United States. See Metz v. U.S. Postal Service, 836 F.2d 1342 (4th Cir. 1988) (citing 28 U.S.C. §§ 1346(b) and 2679(a)). Accordingly, the United States will be substituted as the named defendant to the plaintiff's FTCA claims.

4

burden "to show the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." Atrium Unit Owners Association v. King, 266 Va. 288, 293, 585 S.E.2d 545, 548 (Va. 2003).

In this case, it is undisputed that the Federal Bureau of Prisons has a duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence" of inmates. 18 U.S.C. § 4042. However, the court agrees with the respondent that the plaintiff has failed to establish that this duty was breached. As previously explained, there is simply no evidence, beyond the plaintiff's own allegations, that prison officials had prior knowledge of Edward's letters or any other circumstances that posed a threat to the plaintiff's safety, prior to the assault.

Additionally, even if prison officials were aware of Edward's letters, the plaintiff has not produced sufficient evidence to establish proximate cause. Proximate cause "'is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred.'" McCauley v. Purdue Pharma L.P., 331 F. Supp. 2d 449, 461 (W.D. Va. 2004) (quoting Beale v. Jones, 210 Va. 519, 171 S.E.2d 851, 853 (Va. 1970)). Although proximate cause is generally a question of fact for the jury, it may be resolved by the court as a matter of law "when reasonable persons could not differ as to its existence or absence." McCauley, 331 F. Supp. 2d at 461 (citing Atkinson v. Scheer, 256 Va. 448, 508 S.E.2d 68, 71 (Va. 1998)). Having thoroughly reviewed the record, the court concludes that the plaintiff has failed to create a genuine issue of material fact as to whether the alleged inaction by the prison officials proximately caused the plaintiff's injuries. Therefore, the United States is entitled to summary judgment with respect to the plaintiff's negligence claim under the FTCA.

2. <u>Malpractice</u>

The plaintiff's complaint also includes a claim under the FTCA for "denial of medical care." The plaintiff alleges that he received inadequate medical and surgical care following the assault. The plaintiff further alleges that the prison's health care providers failed to follow proper procedures, which resulted in severe headaches and a lifetime scar across the plaintiff's face. The court construes the plaintiff's allegations to state a claim for medical malpractice. Because this claim is not addressed in the present motion for summary judgment, the court will require the United States to file a response to this claim.

## Conclusion

For the reasons stated, the court will grant the defendants' motion for summary judgment as to the plaintiff's remaining <u>Bivens</u> claim, as well as to the plaintiff's negligence claim under the FTCA. Defendants Corriveau, Hatfield, Bondurant, and Johnson will be dismissed from the case, and the United States will be substituted as the sole remaining defendant.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 3d day of February, 2006.

_____
United States District Judge