CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIMMIE LEE CATO, <br> Plaintiff, | Civil Action No. 7:05CV00070 |
| v. | **MEMORANDUM OPINION** |
| GREGORY BONDURANT, <br> Defendants. | By: Hon. Glen E. Conrad <br> United States District Judge |

Jimmie Lee Cato, a federal inmate proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671-2680. The case is presently before the court on the motion for summary judgment filed by the United States. For the reasons set forth below, the court will grant the motion.

## Factual and Procedural Background

The plaintiff is currently incarcerated at the Federal Correctional Complex in Petersburg, Virginia. The events pertaining to this action occurred while the plaintiff was incarcerated at the United States Penitentiary in Lee County, Virginia.

The plaintiff's original complaint included two claims under Bivens and two claims under the FTCA. On April 13, 2005, the court sua dismissed one of the plaintiff's Bivens claims, pursuant to 28 U.S.C. § 1915A. The court subsequently directed the Clerk to serve the remaining defendants. On February 2, 2006, the court granted the defendants' motion for summary judgment as to the plaintiff's remaining Bivens claim, as well as to the plaintiff's negligence claim under the FTCA. Because the defendants' motion did not address the plaintiff's medical malpractice claim under the FTCA, the court directed the United States to file a response to that claim.

In the plaintiff's remaining claim for medical malpractice, he alleges that he received inadequate medical care after he was assaulted by another inmate. The plaintiff alleges that the

prison's health care providers failed to follow proper procedures, which resulted in severe headaches and a lifetime scar across the plaintiff's face.

## Standard of Review

The United States has now filed a motion for summary judgment as to the plaintiff's remaining claim. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## Discussion

The FTCA provides, in pertinent part, that the United States may be held liable for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). In this case, the challenged acts occurred in Virginia. Therefore, the substantive law of Virginia applies. See Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).

To establish a claim for medical malpractice, the plaintiff must prove three essential elements: (1) the applicable standard of care; (2) that the standard has been violated; and (3) that there is a causal relationship between the violation and the alleged harm. Fitzgerald v. Manning,

2

679 F.2d 341, 346 (4th Cir. 1982). Under Virginia law, the standard of care imposed on physicians and other health care providers is defined as "that degree of skill and diligence practiced by a reasonably prudent practitioner in the [same] field of practice or specialty in this Commonwealth." See Virginia Code § 8.01-581.20; Tashman v. Gibbs, 263 Va. 65, 73, 556 S.E.2d 772, 777 (Va. 2002). In order to establish that the standard of care has been violated, and that the violation proximately caused the alleged harm, expert testimony is normally required. See Fitzgerald at 347, 350; Perdieu v. Blackstone Family Practice Ctr., Inc., 264 Va. 408, 422, 568 S.E.2d 703, 710 (Va. 2002).

In this case, the plaintiff has failed to produce any evidence to establish that the prison's health care providers violated the applicable standard of care or that the violation proximately caused his alleged injuries.* Thus, there is no genuine issue of material fact and the United States is entitled to judgment as a matter of law.

## Conclusion

For the reasons stated, the court will grant the motion for summary judgment filed by the United States. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This ____ day of April, 2006.

United States District Judge

---

*In response to the motion for summary judgment, the plaintiff merely argues that the court should not apply Virginia law, since he is a federal inmate. However, this argument is without merit.